# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CARL M. ODOM,

    Petitioner,

v.    Case No. CIV 11-360-RAW-KEW

ANITA TRAMMELL, Warden,

    Respondent.

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, is challenging his conviction in Pontotoc County District Court Case No. CRF-2008-035 for First Degree Rape, Lewd Molestation, Forcible Sodomy, and Rape by Instrumentation. He has raised four grounds for relief that concern the sufficiency of the evidence with respect to the victim's testimony and the forensic evidence presented at trial.

The respondent alleges in his motion that petitioner failed to exhaust the state court remedies for his claims. The record shows petitioner filed a direct appeal, raising one proposition that his convictions for Lewd Molestation and Rape by Instrumentation violated the prohibition against multiple punishments and constituted plain error. The Oklahoma Court of Criminal Appeals (OCCA) denied relief, finding there was no double jeopardy violation or plain error. *Odom v. State*, No F-2010-822 (Okla. Crim. App. Mar. 30, 2011).

Petitioner alleges in his response and supplemental response to the motion that he filed an application for post-conviction relief in the Pontotoc County District Court, and the application was denied on January 23, 2012. The respondent alleges in his reply that petitioner appealed the post-conviction denial to the Oklahoma Court of Criminal Appeals. The OCCA declined jurisdiction and dismissed the appeal, because petitioner had failed to file with his petition in error a certified copy of the trial court's order denying post-

conviction relief, as required by Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App. (2012). *Odom v. Dist. Ct. of Pontotoc County*, No. PC-2012-75 (Okla. Crim. App. Feb. 13, 2012). The respondent, therefore, asserts petitioner's claims are procedurally barred from federal habeas review.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Tenth Circuit has acknowledged that the OCCA's procedural bar arising from Rule 5.2(C) rests on an adequate and independent state ground. *See Johnson v. Champion*, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002); *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir.), *cert. denied*, 525 U.S. 933 (1998).

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The court finds that application of the procedural bar by the Court of Criminal Appeals was based on state procedural rules, and petitioner has not met the requirements of a showing of cause and prejudice.

The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this

2

"very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997) (internal citations omitted). Petitioner has not made a colorable showing of factual innocence, so relief cannot be granted. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus [Docket No. 7] is GRANTED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 29th day of August 2012.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**